# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS,<br><br>                    Petitioner,<br><br>   v.<br><br>R.J. DONOVAN,<br><br>                    Respondent. | Case No. 21-cv-1266-BAS-KSC<br><br>**ORDER DISMISSING ACTION** |

On October 19, 2021, this Court ordered Petitioner Kenneth Lewis to show cause by no later than November 29, 2021 as to why this action should not be dismissed for his failure to either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* ("IFP"). (Order to Show Cause ("OSC"), ECF No. 4.) This Court had previously informed Petitioner on July 30, 2021 of his noncompliance with 28 U.S.C. § 1914(a) (requiring filing fee of $5.00 in connection with applications for writ of habeas corpus) and 28 U.S.C. 1915(a) (requiring petitioners who cannot make prepayment of fees or security to submit affidavit including statement of assets), when it dismissed without prejudice Petitioner's initial Petition for his failure to name a proper respondent, to adequately allege exhaustion of state remedies, to state a cognizable claim, and to affix his signature to the initial Petition. (Order, ECF No. 2.) The Order to Show Cause directed Petitioner that he could show cause by either paying the filing fee or moving to proceed IFP. Moreover, it warned

that failure to do so would result in dismissal. (*Id.*) Petitioner's deadline to show cause has come and gone, yet Petitioner still has not responded.

A district court may dismiss a plaintiff's action for his failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). "Dismissals under Rule 41(b) . . . operate as adjudications on the merits unless the court specifies otherwise." *Costello v. United States*, 365 U.S. 265, 285 (1961).

Before dismissing the action under Rule 41(b), the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

On balance, these factors decisively favor dismissal. The first and second factors favor dismissal because nearly nearly five months have passed since the Court first notified Petitioner of, and directed Petitioner to cure, the procedural defects in his action (*see* ECF No. 2), and nearly one month has passed since the Court ordered Petitioner to show cause why this action should not be dismissed because of those procedural defects. *See Buckelew v. Gore*, No. 20-CV-00835-BAS-AGS, 2020 WL 8642149, at *1 (S.D. Cal. Nov. 12, 2020). Nevertheless, Petitioner ignored repeatedly ignored this Court's orders. The fourth factor also favors dismissal. If Petitioner seeks to proceed *in forma pauperis* as his failure to pay the filing fee suggests, the imposition of monetary sanctions would be "inappropriate and likely ineffective" and "would not remedy Plaintiff's lack of participation." *Johnson v. Pamplin*, No. 17-CV-00560-BAS-BLM, 2019 WL 494630, at *3 (S.D. Cal. Feb. 8, 2019). Moreover, this Court already sought, unsuccessfully, a less drastic remedy by ordering Petitioner to show cause why his action should avoid dismissal. *See Ferdik*, 963 F.2d at 1262 (holding that "a court's warning to a party that his failure to obey the court's order

will result in dismissal can satisfy the 'consideration of alternatives' requirement"). Because Petitioner has not complied with the Order to Show Cause, the Court finds that more attempts of less drastic alternatives would be futile.  The third factor is neutral at this early stage of the litigation.  *C.f. Ferdik*, 963 F.2d at 1262 ("Without knowing who the defendants are . . . [the court is] hard pressed to determine how [the plaintiff's] failure to amend put them at a disadvantage.")  The fifth factor weighs against dismissal, but that factor is eclipsed by the first, second, and fourth factors, which all heavily favor dismissal.

Dismissal of this action is warranted for Petitioners' repeated failures to comply with court orders.  Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action. The Clerk of Court is directed to close this action.

**IT IS SO ORDERED.**

**DATED: December 21, 2021**

Hon. Cynthia Bashant
United States District Judge